John M. Kim (Bar No. 188997)
jkim@ipla.com
Benjamin S. White (Bar No. 279796)
bwhite@ipla.com
Zayde J. Khalil (Bar. No. 323547)
zkhalil@ipla.com

IPLA, LLP
4445 Eastgate Mall, Suite 200
San Diego, CA 92101
Tel: 858-272-0220
Fax: 858-272-0221

Attorneys for Plaintiff
Amarte USA Holdings, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMARTE USA HOLDINGS, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>KENDO HOLDINGS INC., a Delaware Corporation, MARC JACOBS INTERNATIONAL, LLC, a Delaware Limited Liability Company, SEPHORA USA, INC., a Michigan Corporation, WALMART INC., a Delaware Corporation, THE NEIMAN MARCUS GROUP LLC, a Delaware Limited Liability Corporation, and NORDSTROM, INC., a Washington Corporation,<br><br>Defendants. | **CASE NO:**<br><br>**COMPLAINT FOR:**<br><br>**(1) TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114(1);**<br><br>**(2) FEDERAL UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a);**<br><br>**(3) VIOLATION OF CAL. BUS. & PROF. CODE § 17200;**<br><br>**(4) STATE COMMON LAW TRADEMARK INFRINGEMENT; AND**<br><br>**(5) STATE COMMON LAW PASSING OFF AND UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Amarte USA Holdings, Inc. ("**Amarte**") brings this complaint against Defendants Kendo Holdings Inc. ("**Kendo Holdings**"), Marc Jacobs International, LLC ("**Marc Jacobs**"), Sephora USA, Inc. ("**Sephora**"), Walmart Inc. ("**Walmart**"), The Neiman Marcus Group LLC ("**Neiman Marcus**"), and

Nordstrom, Inc. ("**Nordstrom**") for injunctive relief and damages under the laws of the United States and the State of California.

## NATURE OF THE ACTION

1. This is an action for violation of the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a), violation of the California statutory law of unfair competition, Cal. Bus. & Prof. Code § 17200, California common law trademark infringement, and California common law passing off and unfair competition.

## THE PARTIES

2. Amarte is a Delaware corporation with its headquarters in Redding, California.

3. On information and belief, Kendo Holdings is a Delaware corporation with an office in California and conducts business in and around San Francisco, California.

4. On information and belief, Marc Jacobs is a Delaware limited liability company with an office in California and conducts business in and around San Francisco, California.

5. On information and belief, Sephora is a Michigan corporation with an office in California and conducts business in and around San Francisco, California.

6. On information and belief, Walmart is a Delaware corporation with an office in California and conducts business in and around San Francisco, California.

7. On information and belief, Neiman Marcus is a Delaware limited liability company with an office in California and conducts business in and around San Francisco, California.

8. On information and belief, Nordstrom is a Washington Corporation with an office in California and conducts business in and around San Francisco, California.

9. Defendants Kendo Holdings, Marc Jacobs, Sephora, Walmart, Neiman Marcus, and Nordstrom are hereinafter collectively referred to as "**Defendants**."

10. On information and belief, the actions alleged herein have been undertaken by each Defendant individually and collectively, were actions that each Defendant caused to occur, authorized, controlled, directed, or had the ability to authorize, control, or direct, and/or were actions in which each Defendant assisted, participated, or otherwise encouraged, and are actions for which each Defendant is liable, jointly and severally. Each Defendant aided and abetted the actions of the Defendants set forth below, in that each Defendant had knowledge of those actions, provided assistance and/or benefitted from those actions, in whole or in part. Each of the Defendants was the agent of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency and with the permission and consent of each and every one of the other Defendants.

## JURISDICTION AND VENUE

11. This action arises under the trademark laws of the United States, 15 U.S.C. § 1051, *et seq*., particularly under 15 U.S.C. §§ 1114 and 1125, as well as state unfair competition law and the common law of trademark infringement, passing off, and unfair competition. This Court has jurisdiction over the federal claims under 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. §§ 1116, 1121, and 1125. This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. §§ 1367(a) and 1338(b), those claims being joined with a substantial and related claim under the trademark laws of the United States are closely related to the federal claims such that they form part of the same case or controversy and derive from a common nucleus of operative facts.

12. This Court has personal jurisdiction over Defendants because, on information and belief, Defendants have directed tortious acts at Amarte in this judicial district and have committed tortious acts that they knew or should have known would cause injury to Amarte in this judicial district. Defendants advertise, market, distribute, and sell goods in the State of California, and in this judicial district, that bear the infringing trademark at issue in this case, or have done so in the

3

COMPLAINT

past. Further, as detailed below, Defendants advertise, market, distribute, and sell goods through their websites that are accessible from and directed to consumers from this judicial district, or have done so in the past, and on information and belief, these goods have been accessed and purchased by consumers residing or located in this judicial district.

13. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because a substantial part of the events and/or omissions giving rise to the claims occurred in this judicial district and Defendants are otherwise subject to the Court's personal jurisdiction with respect to this action.

14. Intra-district assignment to any division of the Northern District is proper under Local Rule 3-2(c) and the Assignment Plan of this Court as an "Intellectual Property Action."

## FACTUAL ALLEGATIONS

### Amarte's Trademark Rights

15. For more than ten years, Amarte has manufactured, advertised, marketed, promoted, distributed, sold, and otherwise offered high end skin care and cosmetic products bearing its EYECONIC® trademark ("**Amarte's EYECONIC Mark**"). Amarte is the owner of valuable trademark rights in the aforementioned skin care and cosmetic products, namely, an anti-wrinkle topical cream for nourishing, hydrating, and rejuvenating skin around the eyes. ("**Amarte's Goods**").

16. Amarte is an industry leader in providing consumers with the most effective, high-quality skin care and cosmetic formulations and its goods are recognized and sold throughout the United States and the world.

17. For over a decade, Amarte has substantially exclusively and continuously used and promoted Amarte's EYECONIC Mark in connection with Amarte's Goods, including on its website www.amarteskincare.com, which has resulted in great success. In fact, Amarte's skin cream bearing Amarte's EYECONIC Mark is one of the company's bestselling products.

18.     As a result of Amarte's substantially exclusive and continuous use and promotion of Amarte's EYECONIC Mark, Amarte owns extremely valuable goodwill in Amarte's EYECONIC Mark. The purchasing public has therefore come to associate Amarte's EYECONIC Mark with Amarte.

19.     In addition to its common law rights in Amarte's EYECONIC Mark, Amarte owns the following incontestable registration on the Principal Register of the United States Patent and Trademark Office ("USPTO"):

| **Mark Information** | **Goods** |
|---|---|
| EYECONIC<br>Filing Date: July 30, 2010<br>Reg. Date: April 30, 2013<br>Reg. No.: 4328655 | Class 03: Eye cosmetics; eye creams |

Defendants' Business and Infringing Acts

20.     Defendants advertise, market, promote, distribute, sell, and otherwise offer a cosmetic product under the identical or substantially similar EYE-CONIC trademark ("**Defendants' EYE-CONIC Mark**"), or have done so in the past.

21.      Defendants use or have used Defendants' EYE-CONIC Mark in connection with a cosmetic multi finish eye shadow palette ("**Infringing Goods**")

22.     Defendants are using or have used Defendants' EYE-CONIC Mark in connection with the Infringing Goods on the websites www.kendobrands.com ("Kendo Holdings Website"), www.marcjacobs.com ("Marc Jacobs Website"), www.sephora.com ("Sephora Website"), www.walmart.com ("Walmart Website"), www.neimanmarcus.com ("Neiman Marcus Website"), and www.nordstrom.com ("Nordstrom Website") (collectively, the "Websites"), and elsewhere.

23.     On information and belief, Defendants were involved in starting, participating in, and/or managing a for profit commercial enterprise that advertises,

1  markets, promotes, distributes, sells, and otherwise offers the Infringing Goods bearing Defendants' EYE-CONIC Mark to consumers in the United States.

24. Defendant Kendo Holdings is the manufacturer and distributor of the Infringing Goods bearing Defendant's EYE-CONIC Mark. On information and belief, Defendant Kendo Holdings sells, advertises, markets, and promotes the Infringing Goods bearing Defendants' EYE-CONIC Mark on the Kendo Holdings Website, and on its social media platforms, or has done so in the past.

25. On information and belief, Defendant Marc Jacobs claims title and rights to Defendants' EYE-CONIC Mark. Defendant Marc Jacobs sells, advertises, markets, and promotes the Infringing Goods bearing Defendant's EYE-CONIC Mark on the Marc Jacobs Website, on its social media platforms, and in its retail stores nationwide, including retail stores in this judicial district, or has done so in the past.

26. Defendant Sephora sells, advertises, markets, and promotes the Infringing Goods bearing Defendants' EYE-CONIC Mark on the Sephora Website, on its social media platforms, and in its retail stores nationwide, including retail stores in this judicial district, or has done so in the past.

27. Defendant Walmart sells, advertises, markets, and promotes the Infringing Goods bearing Defendant's EYE-CONIC Mark on the Walmart website, on its social media platforms, and in its retail stores nationwide, including retail stores in this judicial district, or has done so in the past.

28. Defendant Neiman Marcus sells, advertises, markets, and promotes the Infringing Goods bearing Defendants' EYE-CONIC Mark on the Neiman Marcus Website, on its social media platforms, and in its retail stores nationwide, including retail stores in this judicial district, or has done so in the past.

29. Defendant Nordstrom sells, advertises, markets, and promotes the Infringing goods bearing Defendants' EYE-CONIC Mark on the Nordstrom Website, on its social media platforms, and in its retail stores nationwide, including retail stores in this judicial district, or has done so in the past.

30. As a direct competitor of Amarte, Defendants are using or have used Defendants' EYE-CONIC Mark in connection with the promotion, distribution, marketing, and sale of the Infringing Goods to the same consumers and in overlapping channels of trade in the United States.

31. Defendants' use of Defendants' EYE-CONIC Mark commenced several years after Amarte began use of Amarte's EYECONIC Mark and the USPTO issued its trademark registration. Therefore, Amarte enjoys senior trademark rights that have priority over Defendants' EYE-CONIC Mark.

32. Defendants' use of Defendants' EYE-CONIC Mark is a willful and intentional attempt to trade on the goodwill and commercial success that Amarte has built up in Amarte's EYECONIC Mark and to free ride on Amarte's success as a preeminent and well-known manufacturer, distributor, advertiser, marketer, and developer of skin care and cosmetic products.

33. Defendants' identical or substantially similar use of Defendants' EYE-CONIC Mark in connection with identical cosmetic eye products is likely to cause confusion before, during, and after the time of purchase because consumers, prospective consumers, and others viewing Defendants' Infringing Goods at the point of sale or any point in the stream of commerce are likely to confuse Amarte's EYECONIC Mark and Defendants' EYE-CONIC Mark with respect to source, association, affiliation, and sponsorship.

34. By causing a likelihood of confusion, mistake, and deception, Defendants are inflicting irreparable harm on the goodwill symbolized by Amarte's EYECONIC Mark and the reputation for quality that it embodies.

35. On information and belief, and based on the business acumen and sophistication of each individual Defendant, Defendants were aware of Amarte's EYECONIC Mark, but nevertheless willfully and intentionally adopted and used Defendants' EYE-CONIC Mark.

36. Thus, Defendants knowingly, willfully, intentionally, and maliciously adopted and used the identical or substantially similar imitation of Amarte's EYECONIC Mark.

### Defendants' Contacts Within This Judicial District

37. Defendants' contacts within this judicial district are numerous and substantial. For example, on information and belief, Defendants and/or its officers, sales representatives, and/or agents routinely conduct and have conducted business within this judicial district, including but not limited to the marketing, advertising, promotion, distribution, and sale of Infringing Goods bearing Defendants' EYE-CONIC Mark.

38. On information and belief, Defendants, collectively and/or individually, target consumers throughout the United States, including consumers in this judicial district. Defendants, collectively and/or individually, operate or have operated their websites where consumers can access, view, select, read about, purchase, and ship Infringing Goods bearing Defendants' EYE-CONIC Mark throughout the United States, including to consumers in this judicial district.

39. On information and belief, Defendants all operate physical stores and/or offices in this judicial district.

40. On information and belief, Defendants, collectively and/or individually, distribute or have distributed the Infringing Goods bearing Defendants' EYE-CONIC Mark to third party retail stores throughout the United States, including to third party retail stores in this judicial district.

41. On information and belief, consumers in this judicial district have purchased, owned, and/or used Defendants' Infringing Goods bearing Defendants' EYE-CONIC Mark.

42. On information and belief, Defendants' websites are not passive, but instead allow users nationwide and within this judicial district to purchase the Infringing Goods bearing Defendants' EYE-CONIC Mark.

43. All of Amarte's allegations on information and belief will have evidentiary support after reasonable opportunity for further investigation or discovery.

## FIRST CAUSE OF ACTION

### (Federal Trademark Infringement – 15 U.S.C. § 1114(1))

44. Amarte repeats, realleges, and incorporates all Paragraphs above as though fully set forth in this cause of action.

45. Amarte owns the incontestable USPTO Registration No. 4,328,655 in Class 3. A true and correct copy of this registration is attached as Exhibit A ("**EYECONIC Registration**").

46. Prior to any use in commerce by Defendants of Defendants' EYE-CONIC Mark, Amarte's EYECONIC Mark was registered with the USPTO, incontestable, and in use by Amarte.

47. Defendants' use in commerce of Defendants' EYE-CONIC Mark in connection with Defendants' Infringing Goods constitutes trademark infringement of Amarte's rights in its EYECONIC Registration pursuant to 15 U.S.C. § 1114(1).

48. Defendants' EYE-CONIC Mark is identical or substantially similar to Amarte's EYECONIC Mark. Defendants' Infringing Goods are substantially similar, and/or highly related to the goods set forth in Amarte's EYECONIC Registration.

49. Defendants' use in commerce of Defendants' EYE-CONIC Mark in connection with their Infringing Goods is likely to cause confusion or mistake, or to deceive consumers of Defendants' Infringing Goods and Amarte's Goods to erroneously believe that Defendants' Infringing Goods originate from the same source as Amarte's Goods, or are otherwise affiliated, connected, or associated with Amarte, or sponsored or approved by Amarte, when in fact they are not.

50. On information and belief, Defendants have knowingly, willfully, and intentionally infringed Amarte's trademark rights by deliberately exploiting the substantial goodwill associated with Amarte's EYECONIC Registration.

51. On information and belief, Defendants selected Defendants' EYE-CONIC Mark with the willful intent to cause consumer confusion and to deceive consumers into believing that Defendants' Infringing Goods are actually Amarte's Goods or are associated therewith.

52. Amarte has no adequate remedy at law. Defendants' conduct as alleged herein has caused and will continue to cause irreparable harm to Amarte's rights in Amarte's EYECONIC Mark and its EYECONIC Registration, and to its business reputation and goodwill, as well as damages in an amount that cannot be accurately computed at this time but will be proven at trial.

## SECOND CAUSE OF ACTION

### (Federal Unfair Competition – 15 U.S.C. § 1125(a))

55. Amarte repeats, realleges, and incorporates all Paragraphs above as though fully set forth in this cause of action.

56. Amarte owns common law rights in Amarte's EYECONIC Mark in connection with Amarte's Goods. In addition, Amarte's EYECONIC Mark has acquired distinctiveness in connection with Amarte's Goods as an indicator of source prior to Defendants' use of Defendants' EYE-CONIC Mark in connection with Defendants' Infringing Goods. At all times relevant to this lawsuit, consumers in the cosmetic and skin care industry have associated Amarte's EYECONIC Mark with Amarte and its reputation for creating high-quality skin care and cosmetic products.

57. Defendants' use in commerce of Defendants' EYE-CONIC Mark in connection with Defendants' Infringing Goods constitutes trademark infringement of Amarte's rights in Amarte's EYECONIC Mark and unfair competition pursuant to 15 U.S.C. § 1125(a).

58. Defendants' EYE-CONIC Mark is identical or substantially similar to Amarte's EYECONIC Mark. Defendants' Infringing Goods are substantially similar, and/or related to Amarte's Goods.

59. Defendants' use in commerce of Defendants' EYE-CONIC Mark used in connection with Defendants' Infringing Goods is likely to cause confusion or mistake, or to deceive consumers of Defendants' Infringing Goods and Amarte's Goods to erroneously believe that Defendants' Infringing Goods originate from the same source as Amarte's Goods, or are otherwise affiliated, connected, or associated with Amarte, or sponsored or approved by Amarte, when in fact they are not.

60. On information and belief, Defendants have knowingly, willfully, and intentionally infringed Amarte's trademark rights by deliberately exploiting the substantial goodwill associated with Amarte's EYECONIC Mark.

61. On information and belief, Defendants selected Defendants' EYE-CONIC Mark with the willful intent to cause confusion and to deceive consumers into believing that Defendants' Infringing Goods are actually Amarte's Goods or associated therewith.

62. Amarte has no adequate remedy at law. Defendants' conduct as alleged herein has caused and will continue to cause irreparable harm to Amarte's rights in Amarte's EYECONIC Mark and its EYECONIC registration, and to its business reputation and goodwill, as well as damages in an amount that cannot be accurately computed at this time but will be proven at trial.

## THIRD CAUSE OF ACTION

**(California Statutory Unfair Competition – Cal. Bus. & Prof. Code § 17200, *et seq*.)**

63. Amarte repeats, realleges, and incorporates all Paragraphs above as though fully set forth in this cause of action.

64. Defendants are making unauthorized commercial uses of Defendants' EYE-CONIC Mark in a deliberate, willful, intentional, and wrongful attempt to trade on Amarte's goodwill, reputation, and financial investments in Amarte's EYECONIC Mark.

65.  By reason of Defendants' conduct as alleged herein, Defendants have engaged in unlawful, unfair, and/or fraudulent ongoing business practices in violation of Cal. Bus. & Prof. Code § 17200, *et seq*.

66.  As a direct result of Defendants' unfair competition with regard to Defendants' EYE-CONIC Mark, Defendants have unlawfully acquired, and continue to acquire on an ongoing basis, an unfair competitive advantage and have engaged in, and continue to engage in, wrongful business conduct to Defendants' monetary advantage and to the detriment of Amarte.

67.  On information and belief, Defendants' conduct as alleged herein has been undertaken willfully, intentionally, and maliciously, and with full knowledge and in conscious disregard of Amarte's rights.

68.  Defendants' illegal and unfair business practices are continuing, and injunctive relief pursuant to Cal. Bus. & Prof. Code § 17203 is necessary to prevent and restrain further violations by Defendants.

69.  This Court has jurisdiction over the subject matter of this claim pursuant to the provisions of 28 U.S.C. § 1338(b), this being a claim of unfair competition joined with a substantial and related claim under the Trademark Laws of the United States, and under 28 U.S.C. § 1367.

## FOURTH CAUSE OF ACTION

### (California Common Law Trademark Infringement)

70.  Amarte repeats, realleges, and incorporates all Paragraphs above as though fully set forth in this cause of action.

71.  Defendants' unauthorized use of Defendants' EYE-CONIC Mark constitutes trademark infringement and is likely to cause confusion, deception, and mistake among the consuming public as to the source of, and authorization for, Defendants' Infringing Goods sold and/or advertised by Defendants in violation of the common law of the State of California.

72. On information and belief, Defendants' conduct as alleged herein has been undertaken knowingly, willfully, and maliciously, and with full knowledge and in conscious disregard of Amarte's rights.

73. As well as harming the public, Defendants' conduct as alleged herein has caused and will continue to cause Amarte irreparable harm for which there is no adequate remedy at law and is also causing damage to Amarte in an amount which cannot be accurately computed at this time but will be proven at trial.

74. This Court has jurisdiction over the subject matter of this claim pursuant to the provisions of 28 U.S.C. § 1338(b), this being a claim of infringement joined with a substantial and related claim under the Trademark Laws of the United States, and under 28 U.S.C. § 1367.

## FIFTH CAUSE OF ACTION

### (California Common Law Passing Off and Unfair Competition)

75. Amarte repeats, realleges, and incorporates all Paragraphs above as though fully set forth in this cause of action.

76. By virtue of Defendants' conduct as alleged herein, Defendants have engaged and are engaging in passing off and unfair competition under the common law of the State of California.

77. As well as harming the public, Defendants' conduct as alleged herein has caused and will continue to cause Amarte irreparable harm for which there is no adequate remedy at law and is also causing damage to Amarte in an amount which cannot be accurately computed at this time but will be proven at trial.

78. Defendants' actions were undertaken intentionally to obtain an unfair advantage over Amarte and in conscious disregard of Amarte's rights, and were malicious, oppressive, and/or fraudulent.

79. Amarte requests punitive or exemplary damages pursuant to California Civil Code § 3294(a) in an amount sufficient to punish and deter Defendants and to make an example of them.

**COMPLAINT**

80. This Court has jurisdiction over the subject matter of this claim pursuant to the provisions of 28 U.S.C. § 1338(b), this being a claim of passing off and unfair competition joined with a substantial and related claim under the Trademark Laws of the United States, and under 28 U.S.C. § 1367.

## PRAYER FOR RELIEF

Wherefore, Amarte prays for judgment as follows:

A. That the Court enter a finding that Defendants use of Defendants' EYE-CONIC Mark in connection with their Infringing Goods infringes Amarte's rights in its EYECONIC Registration and Amarte's EYECONIC Mark;

B. That the Court enter a preliminary injunction and a permanent injunction prohibiting Defendants, as well as its officers, directors, predecessors, successors, agents, employees, representatives, and all persons, corporations, or other entities acting in concert or participation with Defendants from:

    i. Using Defendants' EYE-CONIC Mark in connection with any of Defendants' products including Defendants' Infringing Goods and Amarte's Goods in California and throughout the United States;

    ii. Infringing any of Amarte's intellectual property rights in Amarte's EYECONIC Mark;

    iii. Infringing any of Amarte's intellectual property rights in its EYECONIC Registration;

    iv. Engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead, or deceive members of the public to believe that the actions of Defendants or any of their officers, directors, predecessors, successors, agents, employees, representatives, and all persons, corporations, or other entities acting in concert or participation with Defendants are sponsored, approved, or licensed by Amarte, or are in any way connected or affiliated with Amarte;

      v. Affixing, applying, annexing, or using in connection with the manufacture, distribution, advertising, sale, and/or offering for sale or other use of any goods or services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods or services as being those of Amarte, including without limitation Amarte's EYECONIC Mark;

      vi. Otherwise competing unfairly with Amarte in any manner; and

      vii. Effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (i)-(vi) above.

C. That the Court enter a finding that Defendants' actions were willful, intentional, deliberate, and malicious;

D. That the Court require Defendants to immediately supply Amarte's counsel with a complete list of individuals and entities from whom or which it purchased, and to whom or which it sold, offered for sale, distributed, advertised, or promoted, infringing products as alleged in this Complaint;

E. That the Court require Defendants to immediately deliver to Amarte's counsel its entire inventory of infringing products, including without limitation, skin care products, cosmetics, packaging, labeling, advertising and promotional material, and all formulas, formulations, plates, patterns, molds, and other material and information for manufacturing, producing, or printing such items, that are in its possession or subject to its control that infringe Amarte's EYECONIC Mark;

F. That the Court require Defendants, withing thirty (30) days after service of the judgment demanded herein, to file with this Court and serve upon Amarte's counsel a written report under oath setting forth in detail the manner in which it has complied with the judgment;

**COMPLAINT**

  G. That the Court award Amarte damages in accordance with applicable law, including without limitation three times the amount of any and all profits realized by Defendants from the use of the Defendants' EYE-CONIC Mark in accordance with 15 U.S.C. § 1117(a), plus prejudgment interest;

  H. That the Court award Amarte punitive damages in an amount sufficient to punish and deter Defendants;

  I. That the Court find that this is an exceptional case and award Amarte its reasonable attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117(a) and/or California law;

  J. That the Court order an accounting of and impose a constructive trust on all of Defendants' funds and assets that arise out of its infringing activities;

  K. That the Court retain jurisdiction of this action for the purpose of enabling Amarte to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith, and for the punishment of any violations thereof; and

  L. For such other and further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Amarte hereby demands a trial by jury.

[signature page follows]

DATED: December 19, 2022          Respectfully submitted,

IPLA, LLP
John M. Kim
Benjamin S. White
Zayde J. Khalil

By:
*/s/ Benjamin S. White*
Benjamin S. White
bwhite@ipla.com

Attorney for Plaintiff
Amarte USA Holdings, Inc.

**COMPLAINT**