1  JODI S. COHEN, CASB No. 151534
   jodi.cohen@kyl.com
2  CHRISTOPHER A. STECHER, CASB No. 215329
   christopher.stecher@kyl.com
3  BAILEY MAHER, CASB No. 345659
   bailey.maher@kyl.com
4  KEESAL, YOUNG & LOGAN
   A Professional Corporation
5  450 Pacific Avenue
   San Francisco, California 94133
6  Telephone:   (415) 398-6000
   Facsimile:   (415) 981-0136
7
   THOMAS M. WILLIAMS (*admitted pro hac vice*)
8  tom.williams@bfkn.com
   CONNOR T. GANTS, CASB No. 286426
9  connor.gants@bfkn.com
   CARMEL I. DOOLING (*admitted pro hac vice*)
10 carmel.dooling@bfkn.com
   BARACK FERRAZZANO KIRSCHBAUM & NAGELBERG LLP
11 200 West Madison Street, Suite 3900
   Chicago, Illinois 60606
12 Telephone:   (312) 984-3100
   Facsimile:   (312) 984-3150
13
   Attorneys for Defendants KENDO HOLDINGS
14 INC., MARC JACOBS INTERNATIONAL, LLC,
   and SEPHORA USA, INC.

15

16                       UNITED STATES DISTRICT COURT

17                      NORTHERN DISTRICT OF CALIFORNIA

18

19 AMARTE USA HOLDINGS, INC., a Delaware    )  Case No. 3:22-cv-08958-CRB
   Corporation,                              )
                                             )  **DEFENDANT KENDO HOLDINGS, INC.'S**
20                              Plaintiff,   )  **ANSWER TO COMPLAINT AND**
                                             )  **AFFIRMATIVE DEFENSES**
21              vs.                          )
                                             )
22 KENDO HOLDINGS, INC., a Delaware          )
   Corporation, MARC JACOBS                  )
23 INTERNATIONAL, LLC, a Delaware Limited    )
   Liability Company, SEPHORA USA, INC., a   )
24 Michigan Corporation, WALMART INC., a     )
   Delaware Corporation, THE NEIMAN          )
25 MARCUS GROUP LLC, a Delaware Limited      )
   Liability Corporation, and NORDSTROM, INC.,)
26 a Washington Corporation,                 )
                                             )
27                              Defendants.  )
                                             )
28 ─────────────────────────────────────────

- 1 -

DEFENDANT KENDO HOLDINGS INC.'S ANSWER TO COMPLAINT — CASE NO. 3:22-CV-08958-CRB

KYL4875-2412-9624.1

Defendant Kendo Holdings, Inc. ("Kendo"), by and through its attorneys, hereby files the following answer and affirmative defenses to Plaintiff Amarte USA Holdings, Inc.'s ("Amarte" or "Plaintiff") Complaint and states as follows:

**NATURE OF THE ACTION**

1. Kendo denies all allegations in Paragraph 1, except that it admits that Plaintiff has brought an action claiming violation of 15 U.S.C. §§ 1114(1), 1125(a), Cal. Bus. & Prof. Code § 17200, and California common law trademark infringement and unfair competition.

**THE PARTIES**

2. Kendo is without information sufficient to form a belief as to the truth of the allegations in Paragraph 2, and denies them on that basis.

3. Kendo admits the allegations in Paragraph 3.

4. Kendo is without information sufficient to form a belief as to the truth of the allegations in Paragraph 4, and denies them on that basis.

5. Kendo is without information sufficient to form a belief as to the truth of the allegations in Paragraph 5, and denies them on that basis.

6. Kendo is without information sufficient to form a belief as to the truth of the allegations in Paragraph 6, and denies them on that basis.

7. Kendo is without information sufficient to form a belief as to the truth of the allegations in Paragraph 7, and denies them on that basis.

8. Kendo is without information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and denies them on that basis.

9. The allegations in Paragraph 9 are narratives or legal conclusions to which an answer is not required. To the extent an answer is required, Kendo denies the allegations in Paragraph 9.

10. Kendo denies the allegations in Paragraph 10.

## JURISDICTION AND VENUE

11. Kendo denies all allegations in Paragraph 11, except that it admits as follows: that Plaintiff has brought an action alleging violations of 15 U.S.C. §§ 1114 and 1125, state unfair competition law and common law; that this court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338 and supplemental jurisdiction under 28 U.S.C. § 1367 so long as its federal claims remain viable.

12. Kendo denies all allegations in Paragraph 12, except that it admits that Kendo has advertised, marketed, and distributed goods in California and in this judicial district that bear the accused trademark, and that Kendo is subject to personal jurisdiction in this Court.

13. Kendo denies all allegations in Paragraph 13, except that it admits that venue is proper in this judicial district with respect to the claims directed to Kendo.

14. The allegations in Paragraph 14 are narratives or legal conclusions to which an answer is not required. To the extent an answer is required, Kendo admits that venue is proper in this District.

## FACTUAL ALLEGATIONS

### Amarte's Trademark Rights

15. Kendo is without information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and denies them on that basis.

16. Kendo is without information sufficient to form a belief as to the truth of the allegations in Paragraph 16, and denies them on that basis.

17. Kendo is without information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and denies them on that basis.

18. Kendo lacks knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 18, and therefore denies them.

19. Kendo admits that Amarte is identified in U.S.P.T.O. records as the owner of the identified trademark registration. Kendo is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19, and denies them on that basis.

<u>Defendants' Business and Infringing Acts</u>

20. Kendo admits that it advertised, marketed, promoted, distributed, and sold MARC JACOBS EYE-CONIC eye shadow products from 2017 to 2021. Kendo is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20, and denies them on that basis.

21. Kendo admits that it sold MARC JACOBS EYE-CONIC eye shadow products from 2017 to 2021. Kendo denies that its products are properly described as infringing goods. Kendo is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21, and denies them on that basis.

22. Kendo denies that it sold MARC JACOBS EYE-CONIC eye shadow products on the website www.kendobrands.com. Kendo denies that its products are properly described as infringing goods. Kendo is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22, and denies them on that basis.

23. Kendo admits that it advertised, marketed, promoted, distributed, and sold MARC JACOBS EYE-CONIC eye shadow products from 2017 to 2021. Kendo denies that its products are properly described as infringing goods. Kendo is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23, and denies them on that basis.

24. Kendo admits that it manufactured, through third-party suppliers, and distributed MARC JACOBS EYE-CONIC eye shadow products from 2017 to 2021 and that it advertised, marketed, and promoted those goods on social media platforms. Kendo denies that it sold, advertised, marketed, or promoted the MARC JACOBS EYE-CONIC eye shadow product on the Kendo Holdings website, kendobrands.com. Kendo denies that its products are properly described as infringing goods.

25. Kendo is without information sufficient to form a belief as to the truth of the allegations in Paragraph 25, and denies them on that basis.

26. Kendo is without information sufficient to form a belief as to the truth of the allegations in Paragraph 26, and denies them on that basis.

27. Kendo is without information sufficient to form a belief as to the truth of the allegations in Paragraph 27, and denies them on that basis.

28. Kendo is without information sufficient to form a belief as to the truth of the allegations in Paragraph 28, and denies them on that basis.

29. Kendo is without information sufficient to form a belief as to the truth of the allegations in Paragraph 29, and denies them on that basis.

30. Kendo admits that it promoted, distributed, marketed, and sold MARC JACOBS EYE-CONIC eye shadow products from 2017 to 2021. Kendo denies that its products are properly described as infringing goods. Kendo is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30, and denies them on that basis.

31. Kendo admits that it began selling MARC JACOBS EYE-CONIC eye shadow products in 2017. Kendo is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31, and denies them on that basis.

32. Kendo denies the allegations in Paragraph 32.

33. Kendo denies the allegations in Paragraph 33.

34. Kendo denies the allegations in Paragraph 34.

35. Kendo denies the allegations in Paragraph 35.

36. Kendo denies the allegations in Paragraph 36.

<u>Defendants' Contacts Within This Judicial District</u>

37. Kendo admits that it conducts business in this judicial district and that it promoted, distributed, marketed, and sold MARC JACOBS EYE-CONIC eye shadow products in this district from 2017 to 2021. Kendo denies that its products are properly described as infringing goods.

1  Kendo is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 37, and denies them on that basis.

38. Kendo admits that it sold MARC JACOBS EYE-CONIC eye shadow products to consumers throughout the United States, including within this judicial district, from 2017 to 2021. Kendo denies that its products are properly described as infringing goods. Kendo denies the remaining allegations in Paragraph 38.

39. Kendo is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 39, and denies them on that basis.

40. Kendo admits that it distributed MARC JACOBS EYE-CONIC eye shadow products throughout the United States, including within this judicial district, from 2017 to 2021. Kendo denies that its products are properly described as infringing goods. Kendo is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 40, and denies them on that basis.

41. Kendo is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 41, and denies them on that basis.

42. Kendo denies that it sold MARC JACOBS EYE-CONIC eye shadow products through its website, kendobrands.com. Kendo denies that its products are properly described as infringing goods. Kendo is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 42, and denies them on that basis.

43. Kendo is without information sufficient to form a belief as to the truth of the allegations in Paragraph 43, and denies them on that basis.

### FIRST CAUSE OF ACTION
### (Federal Trademark Infringement — 15 U.S.C. § 1114(1))

44. Kendo incorporates its answers to each of Paragraphs 1-43 of the complaint as if fully set forth herein.

45.  Kendo admits that Amarte is identified in U.S.P.T.O. records as the owner of the trademark registration attached to the complaint as Exhibit A.  Kendo is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 45, and denies them on that basis.

46.  Kendo admits that it first sold MARC JACOBS EYE-CONIC eye shadow products in 2017 and that Amarte's asserted trademark registration issued in 2013.  Kendo denies that Amarte's asserted trademark rights had attained incontestability status as of 2017 because Amarte did not file its Section 15 affidavit in the U.S.P.T.O. until November 2, 2018.  Kendo is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 46, and denies them on that basis.

47.  Kendo denies the allegations in Paragraph 47.

48.  Kendo denies the allegations in Paragraph 48.

49.  Kendo denies the allegations in Paragraph 49.

50.  Kendo denies the allegations in Paragraph 50.

51.  Kendo denies the allegations in Paragraph 51.

52.  Kendo denies the allegations in Paragraph 52.

## SECOND CAUSE OF ACTION

### (Federal Unfair Competition — 15 U.S.C. § 1125(a))

55.  Kendo incorporates its answers to each of Paragraphs 1-52 of the complaint as if fully set forth herein.  The complaint did not include paragraphs numbered as 53 or 54.

56.  Kendo denies that its products are properly described as infringing goods.  Kendo is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 56, and denies them on that basis.

57.  Kendo denies the allegations in Paragraph 57.

58.  Kendo denies the allegations in Paragraph 58.

59. Kendo denies the allegations in Paragraph 59.

60. Kendo denies the allegations in Paragraph 60.

61. Kendo denies the allegations in Paragraph 61.

62. Kendo denies the allegations in Paragraph 62.

**THIRD CAUSE OF ACTION**

**(California Statutory Unfair Competition — Cal. Bus. & Prof. Code § 17200, *et seq*.)**

63. Kendo incorporates its answers to each of Paragraphs 1-62 of the complaint as if fully set forth herein.  However, the complaint did not include paragraphs numbered as 53 or 54.

64. Kendo denies the allegations in Paragraph 64.

65. Kendo denies the allegations in Paragraph 65.

66. Kendo denies the allegations in Paragraph 66.

67. Kendo denies the allegations in Paragraph 67.

68. Kendo denies the allegations in Paragraph 68.

69. Kendo denies all allegations in Paragraph 69, except that it admits that this court has subject matter jurisdiction over Count III under 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367 so long as its federal claims remain viable.

**FOURTH CAUSE OF ACTION**

**(California Common Law Trademark Infringement)**

70. Kendo incorporates its answers to each of Paragraphs 1-69 of the complaint as if fully set forth herein.  However, the complaint did not include paragraphs numbered as 53 or 54.

71. Kendo denies the allegations in Paragraph 71.

72. Kendo denies the allegations in Paragraph 72.

73. Kendo denies the allegations in Paragraph 73.

- 8 -

74. Kendo denies all allegations in Paragraph 74, except that it admits that this court has subject matter jurisdiction over Count IV under 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367 so long as its federal claims remain viable.

### FIFTH CAUSE OF ACTION

### (California Common Law Passing Off and Unfair Competition)

75. Kendo incorporates its answers to each of Paragraphs 1-74 of the complaint as if fully set forth herein. However, the complaint did not include paragraphs numbered as 53 or 54.

76. Kendo denies the allegations in Paragraph 76.

77. Kendo denies the allegations in Paragraph 77.

78. Kendo denies the allegations in Paragraph 78.

79. The allegations in Paragraph 79 are narratives or legal conclusions to which an answer is not required. To the extent an answer is required, Kendo denies the allegations in Paragraph 79.

80. Kendo denies all allegations in Paragraph 80, except that it admits that this court has subject matter jurisdiction over Count V under 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367 so long as its federal claims remain viable.

### DENIAL OF PRAYER FOR RELIEF

1. Kendo denies that Plaintiff is entitled to any relief in this action and respectfully requests that this Court deny Plaintiff's requests for any and all relief.

## JURY DEMAND

1. Kendo demands a jury trial pursuant to Fed. R. Civ. P. 38 on all claims triable by a jury.

## AFFIRMATIVE DEFENSES

Kendo hereby states the following affirmative defenses to Plaintiff's Complaint. Kendo reserves the right to assert other affirmative or additional defenses, modify the defenses below, and/or otherwise supplement this pleading upon discovery of facts or evidence rendering such action appropriate.

## FIRST AFFIRMATIVE DEFENSE – LACHES

1. Kendo first sold its MARC JACOBS EYE-CONIC eye shadow product in 2017.

2. Plaintiff did not file its civil action alleging infringement of its purported EYECONIC trademark until December 19, 2022.

3. Plaintiff knew or reasonably should have known about Kendo's MARC JACOBS EYE-CONIC eye shadow product in 2017.

4. Plaintiff's delay in bringing suit is unreasonable.

5. Kendo has been prejudiced by Plaintiff's unreasonable delay in filing suit. Kendo incurred expectations-based prejudice in that Kendo took actions or suffered consequences that it would not have had Plaintiff promptly filed suit, including but not limited to Kendo's ongoing and expanding sales, distribution, and marketing of products under the accused mark between 2017 and 2021. Kendo incurred evidentiary prejudice because Plaintiff's delay has led to lost, stale, or degraded evidence, and/or witnesses whose memories have faded over time.

6. Accordingly, Plaintiff's claims are barred by laches pursuant to 15 U.S.C. § 1115(b)(9) and common law.

**SECOND AFFIRMATIVE DEFENSE – ACQUIESCENCE**

7. Kendo sold its MARC JACOBS EYE-CONIC eye shadow product from 2017 to 2021.

8. On October 5, 2021, Plaintiff sent a demand letter to counsel for Defendant Marc Jacobs International, LLC alleging infringement of its asserted EYECONIC trademark based on sales of the MARC JACOBS EYE-CONIC product. On October 12, 2021, Kendo, as the manufacturer through third-party suppliers of the accused product, responded to that letter denying infringement and informing Plaintiff that the product was discontinued and the remaining inventory would be sold off within sixty days. Plaintiff did not reply to that response until January 24, 2022, when it re-asserted its infringement claims. Kendo replied to that correspondence on January 26, 2022, again reiterating its position.

9. Plaintiff did not reply to Kendo's January 26, 2022 correspondence until May 20, 2022, when it re-asserted its infringement claims. Kendo responded to that correspondence on June 7, 2022, again reiterating its position that the accused product did not infringe Plaintiff's asserted trademark. Kendo's June 7, 2022 response stated that it considered the matter to be closed.

10. Plaintiff did not reply to Kendo's June 7, 2022 correspondence until December 19, 2022, when it filed the above-captioned Complaint.

11. Plaintiff acquiesced to Kendo's use of the MARC JACOBS EYE-CONIC trademark by failing to enforce its rights until filing its complaint on December 19, 2022, and by failing to timely reply to Kendo's October 12, 2021, January 26, 2022, and June 7, 2022, correspondence, each of which clearly stated that Kendo denied that it infringed Plaintiff's asserted EYECONIC trademark.

12. Kendo was prejudiced by Plaintiff's failure to timely reply to Kendo's October 12, 2021, January 26, 2022, and June 7, 2022, correspondence denying infringement. Kendo reasonably relied upon this delay, all to its detriment. Plaintiff's failure to timely reply to each denial induced Kendo to believe that Plaintiff had abandoned its claim.

13. Accordingly, Plaintiff's claims are barred by the doctrine of acquiescence pursuant to 15 U.S.C. § 1115(b)(9) and common law.

### THIRD AFFIRMATIVE DEFENSE - ESTOPPEL

14. Kendo sold its MARC JACOBS EYE-CONIC eye shadow product from 2017 to 2021.

15. On October 5, 2021, Plaintiff sent a demand letter to counsel for Defendant Marc Jacobs International, LLC alleging infringement of its asserted EYECONIC trademark based on sales of the MARC JACOBS EYE-CONIC product. On October 12, 2021, Kendo, as the manufacturer through third-party suppliers of the accused product, responded to that letter denying infringement and informing Plaintiff that the product was discontinued and the remaining inventory would be sold off within sixty days. Plaintiff did not reply to that response until January 24, 2022, when it re-asserted its infringement claims. Kendo replied to that correspondence on January 26, 2022, again reiterating its position.

16. Plaintiff did not reply to Kendo's January 26, 2022 correspondence until May 20, 2022, when it re-asserted its infringement claims. Kendo responded to that correspondence on June 7, 2022, again reiterating its position that the accused product did not infringe Plaintiff's asserted trademark. Kendo's June 7, 2022 response stated that it considered the matter to be closed.

17. Plaintiff did not reply to Kendo's June 7, 2022 correspondence until December 19, 2022, when it filed the above-captioned Complaint.

18. Plaintiff's failure to enforce its rights until filing its complaint on December 19, 2022, and its failure to timely reply to Kendo's October 12, 2021, January 26, 2022, and June 7, 2022, correspondence, each of which clearly stated that Kendo denied that it infringed Plaintiff's asserted EYECONIC trademark, each misled Kendo into believing that Plaintiff would not enforce its asserted trademark.

19. Each delay by Plaintiff in replying to Kendo's denials of infringement caused Kendo to believe that Plaintiff no longer considered Kendo to be an infringer.

20. Kendo was prejudiced by Plaintiff's failure to timely reply to Kendo's October 12, 2021, January 26, 2022, and June 7, 2022, correspondence denying infringement. Kendo reasonably relied upon this delay, all to its detriment. Plaintiff's failure to timely reply to each denial induced Kendo to believe that Plaintiff had abandoned its claim.

21. Accordingly, Plaintiff's claims are barred by the doctrine of estoppel pursuant to 15 U.S.C. § 1115(b)(9) and common law.

**FOURTH AFFIRMATIVE DEFENSE – NO LIKELIHOOD OF CONFUSION**

22. Kendo's use of the accused MARC JACOBS EYE-CONIC trademark is not likely to cause confusion.

23. Kendo used the accused MARC JACOBS EYE-CONIC mark in connection with eye shadow. In contrast, upon information and belief, Plaintiff uses its asserted EYECONIC trademark in connection "anti-wrinkle rejuvenator" eye creams. The products differ and consumers are unlikely to be confused.

24. Moreover, the marks differ. Kendo's accused mark, MARC JACOBS EYE-CONIC, includes the well-known and distinctive MARC JACOBS trademark. When considered in their entireties, as they must be, the marks differ and are unlikely to cause confusion.

25. Plaintiff's asserted mark is weak and is entitled to a narrow scope of protection. Multiple third parties use similar marks in connection with related goods. Examples include: I AM EYECONIC cosmetics, by Eyeconic Beauty Ltd.; WHITNEY'S NIPPY EYE-CONIC EYESHADOW PALETTE, by MAC Cosmetics; EYE-CONIC BRUSH SET, by Anisa Beauty; EYE-CONIC WINGED EYELINER AND STAMP KIT, by Mirabella Beauty; EYE-CONIC eye liner, by Stila; EYE-CONIC LASH COLLECTION, by The Glam Supply; and others. In addition, several third parties have registered similar marks in the U.S.P.T.O. These registrations include: EYECONIC, owned by Vision Service Plan, covering eyewear and related services (U.S.P.T.O. Reg. Nos. 5,893,293; 4,268,635); and THE EYECONIC REMEDY, owned by Marquitta Davis, covering cosmetic eyebrow care services and eyelash extension services (U.S.P.T.O. Reg. No. 5,793,607).

26. The products' channels of trade differ. Upon information and belief, Plaintiff's products were not sold in any retail outlets where the MARC JACOBS EYE-CONIC eye shadow product was sold.

27. There has been no actual consumer confusion during the period of coexisting uses of the mark in commerce.

28. Accordingly, Plaintiff's trademark-based claims fail because confusion is unlikely.

### FIFTH AFFIRMATIVE DEFENSE - MOOTNESS

29. Kendo sold its MARC JACOBS EYE-CONIC eye shadow product from 2017 to 2021.

30. Kendo ceased all sales of MARC JACOBS EYE-CONIC products and all use of the EYE-CONIC trademark in 2021. The products have been discontinued and the mark will no longer be used.

31. Accordingly, Plaintiff's claims are moot.

## SIXTH AFFIRMATIVE DEFENSE – STATUTE OF LIMITATIONS

32. Kendo first sold its MARC JACOBS EYE-CONIC eye shadow product in 2017.

33. Plaintiff knew or should have known of Kendo's use of the accused mark in 2017.

34. Plaintiff did not file suit against Kendo's use of the accused mark until December 19, 2022.

35. The applicable statute of limitations for trademark claims under California law is 4 years. *Internet Specialties West, Inc. v. Milon-Digiorgio Enters., Inc.*, 559 F.3d 985, 990 n.2 (9th Cir. 2009).

36. Plaintiff's claims are barred because it failed to file suit within the applicable statute of limitations.

## RESERVATION OF ADDITIONAL DEFENSES

1. Kendo reserves the right to amend this Answer and/or allege additional affirmative defenses that become known during the course of discovery.

## PRAYER

WHEREFORE, Kendo prays as follows:

(a) That Plaintiff take nothing by reason of the Complaint and that judgment be entered in favor of Kendo;

(b) That Kendo recover its costs of suit incurred herein along with its attorney's fees; and

      (c)    For such other and further relief as the Court may deem just and proper.

DATED: March 24, 2023                  /s/ *Christopher A. Stecher*
JODI S. COHEN
CHRISTOPHER A. STECHER
BAILEY MAHER
KEESAL, YOUNG & LOGAN

THOMAS M. WILLIAMS (*pro hac vice*)
CONNOR T. GANTS
CARMEL I. DOOLING (*pro hac vice*)
BARACK FERRAZZANO KIRSCHBAUM & NAGELBERG LLP

Attorneys for Defendants KENDO HOLDINGS INC., MARC JACOBS INTERNATIONAL, LLC, and SEPHORA USA, INC.

- 16 -

DEFENDANT KENDO HOLDINGS INC.'S ANSWER TO COMPLAINT — CASE NO. 3:22-CV-08958-CRB

KYL4875-2412-9624.1

Case Name: *Amarte USA Holdings, Inc., et al. v. Kendo Holdings Inc., et al.*
Case No.: 4:22-cv-08958-DMR
KYL File No.: 8847-1

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is Keesal, Young & Logan, 450 Pacific Avenue, San Francisco, California 94133.

On March 24, 2023, I served the foregoing documents described as **DEFENDANT KENDO HOLDINGS, INC.'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES** by electronic transmission on the parties in this action addressed as follows:

John M. Kim
Benjamin S. White
Zayde J. Khalil
IPLA, LLP
4445 Eastgate Mall, Suite 200
San Diego, CA 92101
Terlephone:    858-272-0220
Facsimile:     858-272-022100
Email: jkim@ipla.com
       bwhite@ipla.com
       zkhalil@ipla.com

Attorneys for Plaintiff,
Amarte USA Holdings, Inc.

☑    BY CM/ECF: The document was electronically served on the parties to this action via the mandatory United States District Court of California CM/ECF system upon electronic filing of above-described document.

Executed on March 24, 2023 at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California and United States of America that the foregoing is true and correct.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

/s/ Menchie Garcia
Menchie Garcia

Proof of Service
KYL4870-4843-7337.1