IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMARTE USA HOLDINGS, INC., <br><br> Plaintiff, <br><br> v. <br><br> KENDO HOLDINGS INC., et al., <br><br> Defendants. | Case No. 22-cv-08958-CRB <br><br> **ORDER DENYING MOTIONS FOR LEAVE TO AMEND COMPLAINT** |

Plaintiff Amarte USA Holdings, Inc. ("Amarte") brings this action for trademark infringement against Kendo Holdings, Inc., Marc Jacobs International LLC, Sephora USA, Inc., and The Neiman Marcus Group LLC (together, "Original Defendants"), for selling the Marc Jacobs "EYE-CONIC" eyeshadow palette, allegedly infringing on Amarte's "EYECONIC" trademark for its eye cream. See Compl. (dkt. 1). Amarte moves to amend its complaint twice: First to add seven "interested corporate parent parties," (together, "Parent Defendants") and next to add ten "retailers of goods bearing the infringing EYE-CONIC trademark" (together, "Retailer Defendants"). First Mot. (dkt. 52) at 1; Second Mot. (dkt. 66) at 3.[1]

---

[1] Because Amarte's proposed second amended complaint subsumes the amendments it sought in its proposed first amended complaint, the Court addresses only the sufficiency of the second

Finding this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), as explained below, the Court vacates the hearing scheduled for August 25, 2023 and DENIES Amarte's motion for leave to amend.

## I.   LEGAL STANDARD

A court should "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has instructed that the policy favoring amendment "should be applied with 'extreme liberality.'" United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981) (quoting Rosenberg Brothers & Co. v. Arnold, 283 F.2d 406, 406 (9th Cir. 1960) (per curiam)). However, leave to amend "is not to be granted automatically." In re W. States Wholesale Nat. Gas Antitrust Litig., 715 F.3d 716, 738 (9th Cir. 2013) (quoting Jackson v. Bank of Haw., 902 F.2d 1385, 1387 (9th Cir. 1990)). A court typically considers five factors to assess whether to grant leave to amend: "[1] undue delay, [2] bad faith or dilatory motive on the part of the movant, [3] repeated failure to cure deficiencies by amendment previously allowed, [4] undue prejudice to the opposing party by virtue of allowance of the amendment, [and] [5] futility of amendment." Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 532 (9th Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). However, "[f]utility alone can justify the denial of a motion for leave to amend." Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004).

## II.  DISCUSSION

To determine whether an amendment is futile, courts apply the same standard applied to a motion to dismiss under Rule 12(b)(6). See Miller v. Rykoff–Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988).[2] Accordingly, Amarte must proffer "enough facts to

---

amended complaint in this order. However, the Court has read and considered the parties' arguments in their briefing on both motions.

[2] Amarte contends that the substantive standard applied in Miller—"a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense"—remains good law. Second Mot. at 11; Miller, 845 F.2d at 214. But Miller applied the 12(b)(6) standard as stated in Conley v. Gibson, 355 U.S. 41, 45–46 (1957), which was abrogated by Twombly and Iqbal. In accord with other courts to consider the issue, the Court applies the current 12(b)(6) standard, heeding Miller's broader holding that the "proper test to be applied when determining the legal sufficiency of a proposed

state a claim to relief that is plausible on its face," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007), by "plead[ing] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The Court addresses whether Amarte's proposed second amended complaint has done so, first as to the seven Parent Defendants, and then as to the ten Retailer Defendants.

### A. Parent Defendants

Amarte's allegations that the Parent Defendants themselves infringed the "EYECONIC" trademark are sparse. Amarte alleges that each holding company "direct[s], own[s], and control[s]" one of the original defendants. Proposed SAC (dkt. 66-1) ¶¶ 42, 44, 46, 49. Additionally, Amarte alleges that all Defendants (original defendants, holding companies, and retailers alike) "advertise, market, promote, distribute, sell, and otherwise offer" the allegedly infringing "EYE-CONIC" product, or "were involved in starting, participating in, and/or managing a for profit commercial enterprise that advertises, markets, promotes, distributes, sells, and otherwise offers" the same. Id. ¶¶ 37, 40.

Because parent companies are not liable for the acts of their subsidiaries except in narrow circumstances seemingly not present here, United States v. Bestfoods, 524 U.S. 51, 61–63 (1998), the Court cannot conclude that these allegations plausibly plead direct infringement by the Parent Defendants. All allegations going to direct infringement (as opposed to ownership, control, or direction of other defendants) apply to all twenty-one defendants without regard to the individual acts of each, which plainly does not meet the requirements of Rule 8. See Amarte USA Holdings, Inc. v. G.L.E.D Cosmetics US Ltd., No. 20-CV-768-CAB-AGS, 2020 WL 10322586, at *2 (S.D. Cal. Dec. 15, 2020)

---

amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)." Miller, 845 F.2d at 214 (citing 3 J. Moore, Moore's Federal Practice ¶ 15.08 (2d ed. 1974)); see also, e.g., Stonebrae, L.P. v. Toll Bros., No. C-08-0221 EMC, 2010 WL 114010, at *1–2 (N.D. Cal. Jan. 7, 2010); Fulton v. Advantage Sales & Mktg., LLC, No. 3:11-CV-01050-MO, 2012 WL 5182805, at *2–3 (D. Or. Oct. 18, 2012).

("Ultimately, without factual allegations related to the specific role either GLED US or RIYO played in the infringement alleged in the FAC, the FAC does not satisfy Federal Rule of Civil Procedure 8."); In re iPhone Application Litig., No. 11-MD-02250-LHK, 2011 WL 4403963, at *8 (N.D. Cal. Sept. 20, 2011) ("Plaintiffs' failure to allege what role each Defendant played in the alleged harm makes it exceedingly difficult, if not impossible, for individual Defendants to respond to Plaintiffs' allegations."); Williams v. Cnty. of Los Angeles Dep't of Pub. Soc. Servs., No. CV 14-7625 JVS (JC), 2016 WL 8730914, at *5 (C.D. Cal. May 2, 2016) ("Conclusory allegations that an indistinguishable group of defendants essentially engaged in identical misconduct . . . are insufficient to show that plaintiff is entitled to relief from any individual defendant."), report and recommendation adopted, No. CV 14-7625 JVS(JC), 2016 WL 8737230 (C.D. Cal. May 20, 2016).

Additionally, as Defendants point out, Amarte's allegations of personal jurisdiction as to the Parent Defendants are similarly bare. Amarte alleges that each Parent Defendant has "an office in California and conducts business in and around San Francisco, California," though none are incorporated in California. Proposed SAC ¶¶ 9–15. Amarte further alleges generally that all twenty-one defendants, including the Parent Defendants, "have directed tortious acts at Amarte in this judicial district" including by "advertis[ing], market[ing], distribut[ing], and sell[ing] goods in the State of California, and in this judicial district, that bear the infringing trademark at issue in this case, or have done so in the past." Id. ¶ 29.

These allegations, standing alone, do not support personal jurisdiction as to the Parent Defendants. First, Amarte's allegations are plainly insufficient to support general jurisdiction, only available when the defendant is "essentially at home" in the forum state, typically its place of incorporation or principal place of business. Ford Motor Co. v. Montana Eighth Jud. Dist. Ct., 141 S. Ct. 1017, 1024 (2021). Second, Amarte's allegations are also insufficient to support specific jurisdiction, which requires that the actions be "expressly aimed at the forum state." Axiom Foods, Inc. v. Acerchem

4

International, Inc., 874 F.3d 1064, 1069 (9th Cir. 2017) (quoting Washington Shoe Co. v. A-Z Sporting Goods Inc., 704 F.3d 668, 673 (9th Cir. 2012)).  Putting aside the conclusory and vague allegations of "direct[ing] tortious acts," Amarte only alleges, at best, that Defendants caused injury in California through the sales and marketing of their subsidiaries and not that the Parent Defendants themselves "committed an intentional act . . . expressly aimed at the forum state."  Axiom Foods, 874 F.3d at 1069 (emphasis added); see also G.L.E.D. Cosmetics, 2020 WL 10322586, at *3 ("[T]here are no well-pleaded allegations in the FAC . . . that the website specifically targets or leads to substantial sales from California residents.").

Accordingly, Amarte's claims against the Parent Defendants as stated in the proposed second amended complaint are futile.

### B. Retailer Defendants

The allegations against the Retailer Defendants fare no better.  Amarte alleges that these defendants "sell, advertise, market, and promote the Infringing Goods bearing Defendants' EYE-CONIC Mark on their respective websites, social media platforms, other advertising media, in their retail locations nationwide, including retail stores in this judicial district, or otherwise direct their infringing activities in this judicial district, or have done so in the past."  Proposed SAC ¶ 51.  While pleading theories in the alternative is certainly allowed, "[t]he right to plead alternatively . . . does not sanction deviations from the basic obligation to plead comprehensibly," § 1282 Alternative and Hypothetical Pleading, 5 Fed. Prac. & Proc. Civ. § 1282 (4th ed.), nor loosen the requirement to plead "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Iqbal, 556 U.S. at 678.  And even if these allegations were sufficient to plausibly plead direct infringement by the Retailer Defendants, for the same reasons discussed above, the allegations in the proposed second amended complaint also fail to support personal jurisdiction as to the Retailer Defendants.  See Proposed SAC ¶¶ 16–25, 29; G.L.E.D. Cosmetics, 2020 WL 10322586, at *3.

*       *       *       *       *       *       *

The Court offers no conclusion as to whether Amarte might be able amend its complaint in the future to plead facts that support direct infringement or personal jurisdiction as to each of the proposed defendants.³ But "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. For that reason, Amarte's motions for leave to amend are DENIED without prejudice.

**IT IS SO ORDERED.**

Dated: August 21, 2023

CHARLES R. BREYER
United States District Judge

---

³ Further, because the Court decides Amarte's motion on futility grounds alone, see Nunes v. Ashcroft, 375 F.3d at 808, it need not address the other factors discussed in the parties' briefing, including bad faith and undue delay.