IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMARTE USA HOLDINGS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>KENDO HOLDINGS INC., et al.,<br><br>Defendants. | Case No. 22-cv-08958-CRB<br><br>**ORDER DENYING MOTION FOR PERMANENT INJUNCTION** |

Plaintiff Amarte USA Holdings, Inc. ("Amarte") sued Defendants in this Court, in the Northern District of California, for trademark infringement arising out of Defendants' alleged distribution and sale of Marc Jacobs Beauty EYE-CONIC eyeshadow (the "California Action"). See Compl. (dkt. 1). As this litigation was underway, Amarte filed a second trademark infringement action concerning the Marc Jacobs Beauty EYE-CONIC eyeshadow—this time in the Southern District of New York (the "New York Action").

Defendant Kendo Holdings Inc. ("Kendo") now moves for a permanent injunction, enjoining Amarte from filing or maintaining trademark infringement claims related to the sale of Marc Jacobs Beauty EYE-CONIC eyeshadow, against any party "proposed to be a defendant" in the California Action. See Mot. for Inj. (dkt. 131) at 2. For the reasons described below, the Court DENIES Kendo's motion.

I.   **BACKGROUND**

Plaintiff Amarte USA Holdings, Inc. sued Defendants Kendo Holdings Inc., Marc Jacobs International, Sephora USA, Inc., and The Neiman Marcus Group LLC (collectively, "Defendants") in December 2022, alleging violations of the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a), and state law violations for common law trademark

infringement, common law passing off and unfair competition, and of California's unfair competition statute, Cal. Bus. & Prof. Code § 17200. Compl. at 2.

After Defendants filed their answer, Amarte sought leave to amend its complaint to add the following defendants: NMH Holding Company, Inc., NMG Intermediate LLC, NMG Parent LLC, LVMH Moet Hennessy Louis Vuitton Inc., LVMH Moet Hennessy Louis Vuitton SE, LVMH Perfumes and Cosmetics Inc., and Marc Jacobs Holdings. See First Mot. to Amend (dkt. 52). Before the Court ruled on Amarte's motion, Amarte again sought leave to add additional defendants: Bergdorf Goodman LLC, Zoe Media Group, LLC, BergdorfGoodman.com, LLC, Boxy Charm, LLC, Personalized Beauty Discovery, Inc., Penney OpCo LLC, YNAP Corporation, Ross Stores, Inc., The TJX Companies, Inc., and Debbie's Superdeals Inc. See Second Mot. to Amend (dkt. 66). The Court denied both motions without prejudice, explaining that Amarte failed to plausibly state a claim against any of the defendants it sought to add, and therefore amendment would be futile. See Order on First Mot. to Amend & Second Mot. to Amend (dkt. 72).

Amarte then moved for leave to amend a third time, again seeking to amend its complaint to add additional defendants to the California Action: Boxy Charm, Inc., Personalized Beauty Discovery, Inc., Penney OpCo LLC, Ynap Corporation, Ross Stores, Inc., and The TJX Companies, Inc. See Third Mot. to Amend (dkt. 73). The Court again denied Amarte leave to amend, this time with prejudice, explaining that Amarte's claims against the proposed defendants would be futile. See Order on Third Mot. to Amend (dkt. 96).

On February 7, 2024, Amarte filed a second lawsuit regarding the sale of Marc Jacobs EYE-CONIC eyeshadow—this one, in the Southern District of New York. See S.D.N.Y. Compl. (dkt. 1) in Amarte USA Holdings, Inc. v. Bergdorf Goodman LLC, et al., No. 1:24-cv-883. According to Kendo, Amarte sued the same parties that this Court did not allow Amarte to add in the California Action: Bergdorf Goodman LLC ("Bergdorf"), T.J. Maxx, Inc. ("T.J. Maxx"), Marshalls of MA, Inc. ("Marshalls), YNAP Corporation ("YNAP"), Penney OpCo LLC ("JCP"), and Personalized Beauty Discovery, Inc.

2

("PBD").[1]  And, like in the California Action, Amarte brought claims under the Lanham Act, 15 U.S.C. Sections 1114(1) and 1125(a), state law claims for common law trademark infringement, common law passing off, unfair competition, and unjust enrichment, and a claim for statutory unfair competition under New York General Business Law § 349.  Id. at 20–26.

Kendo then filed a motion before this Court seeking to permanently enjoin Amarte from "filing or maintaining, against any party proposed to be a defendant in Amarte's final proposed FAC, and any of their privities, trademark infringement claims relating to sales of Marc Jacobs Beauty EYE-CONIC product occurring on or before the date of this Court's December 4, 2023 order, in any forum, including but not limited to the New York action."  Mot. for Inj. (dkt. 131) at 2.  The motion is now fully briefed.  See Opp'n to Mot. for Inj. (dkt. 138); Reply (dkt. 142).

## II.   LEGAL STANDARD

A plaintiff seeking a permanent injunction must demonstrate: "(1) that it has suffered an irreparable injury; (2) remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) the public interest would not be disserved by a permanent injunction."  eBay, Inc. v. MercExchange, LLC, 547 U.S. 388, 391 (2006).

## III.  DISCUSSION

Kendo contends that the named defendants in the New York Action were defendants, or in privity with defendants, in Amarte's proposed First Amended Complaint, which this Court rejected.  See Mot. for Inj. at 10; see also Order on Third Mot. to Amend.

---

[1] Four of the six defendants in the New York Action are identical to the proposed defendants in Amarte's proposed First Amended Complaint.  Compare Proposed FAC (dkt. 73-1), with S.D.N.Y. Compl. (dkt. 131-1).  Kendo argues that the two others, T.J. Maxx and Marshalls, are in privity with the TJX Companies, Inc., a proposed defendant in Amarte's First Amended Complaint.  See Mot. for Inj. at 15.  Amarte also sued two other defendants in the New York Action, Eau de Luxe, Ltd. and Voxpop, Inc., but those parties have since been dismissed from the litigation.  See Reply (dkt. 142) at 6 n.1.

1  According to Kendo, Amarte is "help[ing] itself to a fourth chance in New York," and the
2  Court should enjoin Amarte from litigating against these defendants in New York and
3  elsewhere because res judicata applies. Id. at 11. Kendo argues that this Court has the
4  authority to issue such an injunction under the All Writs Act. Id. at 12 (citing Securities &
5  Exch. Comm'n v. G.C. George Securities, Inc., 637 F.2d 685, 688 (9th Cir. 1981)).
6  Amarte contends that res judicata does not apply and that, in any case, Kendo is not
7  entitled to a permanent injunction because it has not established irreparable harm. See
8  Opp'n to Mot. for Inj. at 10–12.

9      Although a district court has the discretion to enjoin further litigation in other
10 district courts, the Ninth Circuit has instructed that "considerations of comity require more
11 than the usual measure of restraint, and such injunctions should be granted only in the most
12 unusual cases." Bergh v. Washington, 535 F.2d 505, 507 (9th Cir. 1976) (citation
13 omitted). Moreover, "when cases involving the same parties and issues have been filed in
14 two different districts," it is the second district court that has discretion to "transfer, stay,
15 or dismiss the second case in the interest of efficiency and judicial economy." Cedars-
16 Sinai Medical Ctr. v. Shalala, 125 F.3d 765, 769 (9th Cir. 1997) (citations omitted).
17 Accordingly, "[a]n argument that the first-filed case should be resolved first should be
18 made on a motion to stay, filed with the second court rather than on a motion to enjoin
19 filed with the first court." Rampersad v. Rentex Inc., No. 3:16-cv-01710, 2017 WL
20 2876783, at *1 (S.D. Cal. Mar. 13, 2017) (citing Cedars-Sinai Medical Ctr., 125 F.3d at
21 769; Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Payless Shoesource, Inc., No. C-11-
22 1892 EMC, 2012 WL 3277222, at *7–9 (N.D. Cal. Aug. 9, 2012)).

23     The Court follows that precedent here. The New York Action involves the same
24 issues and at least some of the same parties as the California Action, so the Southern
25 District of New York, as the second district court, has the discretion to decide whether to
26 transfer, stay, or dismiss the case. See Cedars-Sinai Medical Ctr., 125 F.3d at 769. Plus,
27 Kendo has already filed a motion to dismiss the New York Action, so the issue of whether
28 res judicata applies and warrants dismissal is already squarely before the Southern District

4

of New York.  See S.D.N.Y. Mot. to Dismiss (dkt. 60) in Amarte USA Holdings, Inc., No. 1:24-cv-883.

Additionally, Kendo has failed to demonstrate why this case qualifies as one of the "unusual cases" warranting the extraordinary measure of permanently enjoining another federal court.  See Bergh, 535 F.2d at 507.  First, Kendo makes no showing that it will suffer irreparable harm if the Court does not enjoin the New York Action.  Its sole argument for irreparable harm is that it previously deployed extensive resources into discovery and that, by addressing the New York Action claims, "Kendo will be forced to indemnify those expenses all over again." Mot. for Inj. at 17.  However, the Ninth Circuit has held that economic injury alone does not support a finding of irreparable harm.  See Rent-A-Center, Inc. v. Canyon Television and Appliance Rental, Inc., 944 F.2d 597, 603 (9th Cir. 1991) (quoting Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League, 634 F.2d 1197, 1201 (9th Cir. 1980).

Second, as explained, Kendo has already moved to dismiss the New York Action based on this Court's related decisions.[2]  See S.D.N.Y. Mot. to Dismiss.  The Southern District of New York is therefore aware of the current proceedings in this Court. Accordingly, Kendo will not suffer irreparable harm if this Court does not enjoin the New York Action, because the Southern District of New York can itself dismiss Amarte's case if such disposition is appropriate.  See eBay, Inc., 547 U.S. at 391.

Kendo has also failed to demonstrate how the public interest favors a permanent injunction here.  See Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (holding that the party seeking an injunction must carry its burden by a "clear showing").  When considering how the public interest will be affected by a permanent injunction, courts are to examine the impact on non-parties rather than the parties.  Bernhardt v. L.A. Cnty., 339 F.3d 920, 931–32 (9th Cir. 2003).  Kendo offers no argument for how the public will be disserved by this Court's decision not to enter a permanent injunction.  Rather, the public

---

[2] At the time of this order, the Southern District of New York has not ruled on Kendo's motion to dismiss.

5

1  interest would be better served by preserving federal comity.  See Bergh, 535 F.2d at 507.

2  Kendo cites Wood v. Santa Barbara Chamber of Commerce, Inc. in support of its
3  argument that the Court should use the All Writs Act to enjoin Amarte from relitigating
4  these issues.  705 F.2d 1515, 1524 (9th Cir. 1983) (enjoining a party from relitigating a
5  cause of action relating to the subject matter of an earlier action).  But Wood is
6  distinguishable from this case.  In Wood, a pro se plaintiff filed actions in thirty courts,
7  resulting in vexatious litigation.  Id. at 1523.  The court granted an anticipatory injunction
8  in that case but highlighted the narrowness of its decision, stating that approval of the
9  injunction was premised on the fact that the dozens of cases involved "so many defendants
10  on such baseless claims."  Id. at 1525.  The court also warned that injunctions against
11  relitigation should not be "used too freely or couched in overly broad terms" because such
12  injunctions "may block free access to the courts."  Id.  Amarte has not demonstrated
13  similarly vexatious litigation to warrant such drastic action by this Court.

14  Kendo's other cited authorities support its contention that a district court has the
15  authority to enjoin proceedings in other district courts—but the issue here is not whether
16  this Court can enjoin the New York Action, it is whether the Court should.  And none of
17  the cases cited by Kendo suggest that the Court should do so.  Many of those cases instead
18  emphasize the high bar for enjoining litigation in another court.  See Del Mar Avionics v.
19  Quinton Instruments Co., 645 F.2d 832, 836 (9th Cir. 1981) ("[A] federal court injunction
20  against proceedings in another federal court will rarely be granted . . . ."); Charlton v.
21  Estate of Charlton, 841 F.2d 988, 989 (9th Cir. 1988) (holding that an evidentiary hearing
22  is required before a court can issue an injunction against repetitive litigation).  The rest are
23  inapplicable to the facts here.  See Leon v. IDX Systems Corp., 464 F.3d 951, 963 (9th Cir.
24  2006) (reversing a district court's order denying an injunction because the court wrongly
25  concluded that res judicata was not satisfied and remanding for further consideration of
26  whether to enjoin administrative proceedings); Trustees of IL WU-PMA Pension Plan v.
27  Peters, 660 F. Supp. 2d 1118, 1144 (N.D. Cal. 2009) (granting an injunction because
28  relitigation could result in inconsistent verdicts and a potential determination that two

different people were both entitled to the full sum of pension benefits).

In sum, an injunction is neither necessary nor appropriate here. Kendo has not demonstrated that the factors for a permanent injunction are satisfied such that the Court should take the rare course of action of issuing an injunction against another district court—especially given that Kendo has already moved to dismiss the New York Action on the same basis.

### IV. CONCLUSION

For the foregoing reasons, the Court DENIES Kendo's motion for a permanent injunction.

**IT IS SO ORDERED.**

Dated: August 8, 2024

CHARLES R. BREYER
United States District Judge