IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMARTE USA HOLDINGS, INC.,<br><br>     Plaintiff,<br><br>     v.<br><br>KENDO HOLDINGS INC., et al.,<br><br>     Defendants. | Case No. 22-cv-08958-CRB<br><br>**ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS** |

Plaintiff Amarte USA Holdings, Inc. ("Plaintiff") sued Defendants for various trademark infringement violations arising out of Defendants' alleged sale of Marc Jacobs Beauty EYE-CONIC eyeshadow. See Compl. (dkt. 1). During the litigation, the Court granted Kendo leave to amend its answer to add a counterclaim for trademark cancellation. See Order on Mot. to Amend (dkt. 96). Amarte now moves for judgment on the pleadings on Kendo's counterclaim. See Mot. (dkt. 125).

The Court finds the matter suitable for resolution without hearing oral argument, pursuant to Civil Local Rule 7-1(b). Because Kendo plausibly states a claim for cancellation of Amarte's trademark registration, Amarte is not entitled to judgment on the pleadings and the Court DENIES the motion.

**I.     BACKGROUND**

   **A.     The Litigation**

Plaintiff Amarte USA Holdings, Inc. manufactures, advertises, markets, promotes, distributes, and sells high-end skin care products, including an anti-wrinkle eye cream bearing the mark EYECONIC. Compl. ¶¶ 15, 16, 17. Amarte asserts that it has common law trademark rights and holds a registered trademark in the EYECONIC mark for "eye

cosmetics; eye creams." Id. ¶¶ 15, 18, 19.  Amarte also alleges that Defendants use or have used an almost identical mark, EYE-CONIC, to sell their eye makeup palettes.  Id. ¶¶ 18, 19.  According to Amarte, Defendants' use of the mark is likely to cause customer confusion about whether Defendants' makeup palettes originate from the same source as, or are otherwise affiliated with, Amarte's products.  Id. ¶¶ 33, 34.

Amarte sued Defendants Kendo Holdings Inc., Marc Jacobs International, LLC, Sephora USA, Inc., and The Neiman Marcus Group LLC (collectively, "Defendants"), for violations of the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a), a violation of California's unfair competition statute, Cal. Bus. & Prof. Code § 17200, and for common law trademark infringement and common law passing off and unfair competition.  See Compl. at 1.  Both parties moved for summary judgment on Amarte's claims.  See Defs' MSJ (dkt. 91); Pl.'s MSJ (dkt. 106).  Those motions are pending before this Court.

### B. The Counterclaim

During the litigation, Kendo moved for leave to amend its answer to add a counterclaim for cancellation of Amarte's EYECONIC trademark registration based on non-use.  See Mot. to Amend (dkt. 81) at 3 (citing 15 U.S.C. §§ 1064, 1119).  Under the Lanham Act, a trademark registration can be cancelled "[a]t any time after the 3-year period following the date of registration, if the registered mark has never been used in commerce on or in connection with some or all of the goods or services recited in the registration."  See 15 U.S.C. § 1064(6).

Amarte's trademark registration for the EYECONIC mark is for "eye cosmetics; eye creams."  Compl. ¶ 19.  In its motion for leave to amend, Kendo argued that Amarte has only used its EYECONIC mark in connection with one product, an eye cream, and has never used it in connection with an eye cosmetic.  See Mot. to Amend.  Because Amarte has not used its registered mark "in connection with some . . . of the goods or services recited in the registration," Kendo argued that Amarte's trademark registration should be cancelled.  See 15 U.S.C. § 1064(6) (emphasis added).  Amarte opposed the motion, arguing that amendment would be futile because an eye cream is considered an eye

cosmetic, and even if not, its trademark registration should only be cancelled in part rather than in entirety. See Opp'n to Mot. to Amend (dkt. 86). The Court granted Kendo leave to amend to add the counterclaim, concluding that Kendo plausibly stated a claim for cancellation of Amarte's trademark registration. See Order on Mot. to Amend at 18, 21.

### C. Pending Motion

After the Court granted leave, Kendo amended its answer to add the counterclaim, see Amended Answer (dkt. 99), to which Amarte filed an answer, see Answer to Counterclaim (dkt. 107). Amarte then moved for judgment on the pleadings on Kendo's counterclaim. See Mot. (dkt. 125). That motion is now fully briefed and pending before the Court. See Opp'n to Mot. (dkt. 130); Reply (dkt. 132).

## II. LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Judgment on the pleadings is proper when the moving party "clearly establishes on the face of the pleadings that there is no material issue of fact and that the moving party is entitled to judgment as a matter of law." Hal Roach Studios, Inc. v. Richard Feiner and Co., 896 F.2d 1542, 1550 (9th Cir. 1990). A Rule 12(c) motion is "functionally identical to a Rule 12(b)(6) motion," so the same standard of review applies. Gregg v. Haw., Dep't of Pub. Safety, 870 F.3d 883, 887 (9th Cir. 2017) (quoting Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1054 n.4 (9th Cir. 2011)).

"Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In reviewing the plausibility of a complaint, courts

1  "accept factual allegations in the complaint as true and construe the pleadings in the light
2  most favorable to the nonmoving party." Manzarek v. St. Paul Fire & Marine Ins. Co., 519
3  F.3d 1025, 1031 (9th Cir. 2008).  Nonetheless, courts do not "accept as true allegations
4  that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."
5  In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008).

### III. DISCUSSION

To state a claim for cancellation of a trademark registration, a party must demonstrate that "(1) there is a valid ground why the trademark should not continue to be registered and (2) the party petitioning for cancellation has standing." Star-Kist Foods, Inc. v. P.J. Rhodes & Co., 735 F.2d 346, 348 (9th Cir. 1984) (citation omitted).  A trademark may be cancelled, "at any time after the 3-year period following the date of registration, if the registered mark has never been used in commerce on or in connection with some or all of the goods or services recited in the registration." 15 U.S.C. § 1064.

It is undisputed that Kendo has standing to assert its counterclaim and that more than three years have lapsed since Amarte registered the EYECONIC trademark in 2013. See Compl. ¶ 19; see also Order on Mot. to Amend at 18.  The remaining issue, then, is whether Kendo plausibly alleges that Amarte has only used its EYECONIC mark in connection with "some" of the goods cited in the registration.

Amarte argues that Kendo fails to plausibly state a claim for cancellation because, although it has only used the EYECONIC mark in connection with an eye cream, its eye cream qualifies as both an "eye cream" and an "eye cosmetic." See Mot. at 1–2. "Given that the purpose of an eye cream is to improve facial appearance, and cosmetics are defined as products to be applied to the face and body to improve appearance," Amarte contends that "it is clear that an eye cream is also an eye cosmetic." Id.  Amarte also asks the Court to take judicial notice of several definitions of "cosmetics," which it argues demonstrate that its eye cream fits into the broad category of eye cosmetics. See id. at 2–3; Req. for Judicial Notice (dkt. 126).  Additionally, Amarte cites Tri-Star Marketing, LLC v. Nino Franco Spumanti S.R.L., in which the court held that the use of a mark on one

4

product—sparkling wine—supported a trademark registration for both "wines" and "sparkling wines." 84 U.S.P.Q.2d 1912, 2007 WL 2460996, at *1 (T.T.A.B. 2007).

In its opposition, Kendo first argues that Amarte's motion for judgment on the pleadings is an impermissible motion for reconsideration. See Opp'n to Mot. at 9. Kendo asserts that Amarte merely repackages the same arguments it made when opposing Kendo's motion for leave to amend and fails to follow the procedural requirements for a motion for reconsideration. Id. It is true that this Court previously held that Kendo plausibly alleged its counterclaim for trademark cancellation and therefore permitted Kendo to amend its answer to add the counterclaim. See Order on Mot. to Amend at 18. However, the Court uses its discretion to address Amarte's motion on the merits, given that this is Amarte's first Rule 12 motion on the issue and that Amarte now asks the Court to judicial notice of various evidence. See Req. for Judicial Notice.

Still, Amarte fails to demonstrate why the Court should change its conclusion on the merits. Kendo alleges that Amarte has used its EYECONIC mark on an eye cream, but never "in connection with any eye cosmetic," the other good cited in the registration. See Amended Answer at 16. Amarte agrees that it has only used the mark on one product, its eye cream. Mot. at 2. Accordingly, Kendo alleges sufficient facts to plausibly state a claim for cancellation of Amarte's EYECONIC mark for non-use. See 15 U.S.C. § 1064.

The dispute that Amarte raises is one of material fact—whether Amarte's eye cream should be categorized as an eye cosmetic. Amarte asks the Court to take judicial notice of several definitions, which in Amarte's opinion, demonstrate than an eye cream is an eye cosmetic. Mot. at 2–4. But while the Court can take judicial notice of the definitions from Amarte, it cannot use the definitions to resolve reasonably disputed questions of material fact. See Best Buy Stores, LLC, 859 F. Supp. 2d 1138, 1145–46 (E.D. Cal. 2012) ("[W]hile courts may consider dictionary definitions when determining the 'plain, unambiguous, and common meanings of terms,' . . . they may not judicially notice any matter that is reasonably disputed.) (citation omitted). Here, reasonable jurors could disagree about whether Amarte's eye cream is an eye cosmetic, and the Court cannot use

5

Amarte's definitions to resolve that issue of fact. Although a factfinder may ultimately conclude that Amarte's arguments have merit, this Court cannot make such a determination at the pleadings stage. In sum, Amarte has not "clearly establish[ed] on the face of the pleadings that there is no material issue of fact." See Hal Roach Studios, 896 F.2d at 1550.[1]

Because Kendo has plausibly stated "factual content that allows the court to draw the reasonable inference" that Amarte's trademark registration is subject to cancellation for non-use, Amarte is not entitled to judgment on the pleadings. See Iqbal, 556 U.S. at 678.

## IV. CONCLUSION

The Court DENIES Amarte's motion for judgment on the pleadings.

**IT IS SO ORDERED.**

Dated: August 8, 2024

_____
CHARLES R. BREYER
United States District Judge

---

[1] Amarte also asserts that a single product can support a trademark registration that lists both a broad and specific description of the product. See Mot. at 5–6. The Court need not reach this issue because even assuming that Amarte is correct as a general matter, there is still an issue of material fact as to whether Amarte's eye cream supports both of the goods in its registration.